## 11475

### CLEVELAND v. CLEVELAND

#### (122 S. E., 501)

1. HUSBAND AND WIFE—IN ACTION FOR ALIMONY, EVIDENCE OF DEFENDANT'S MISCONDUCT WITH ANOTHER WOMAN ADMISSIBLE UNDER PLEADING.—In action for alimony, where complaint was in general terms and defendant made no motion to make it more definite and certain, refusing to exclude evidence of his misconduct with another woman introduced into his home by defendant, *held* not error.

2. HUSBAND AND WIFE—ADMISSION OF CONVICTION FOR VIOLATING ORDINANCES NOT PREJUDICIAL.—In an action for alimony, admission of record in Recorder's Court of defendant's conviction for violating ordinances *held* not prejudicial error.

3. HUSBAND AND WIFE—SUBNORMAL WIFE ENTITLED TO GREATER CONSIDERATION THAN IF SHE HAD BEEN NORMAL.—Where wife's physical and mental disorder was intensified, if not produced, by her husband's conduct, a ruling that as she was not normal, physically and mentally, he owed her a greater degree of consideration than if she had been normal was proper.

4. HUSBAND AND WIFE—WIFE WHO LIVED UNDER INTOLERABLE CONDITIONS NOT GUILTY OF VOLUNTARY LEAVING.—Where the life of the wife at her husband's home is intolerable, her leaving was not voluntary.

5. HUSBAND AND WIFE—CONDONED OFFENSES HELD REVIVED.—In action for alimony, based on acts of violence and indignities, it was no defense that plaintiff condoned the offenses, where it appeared that new offenses occurred continually.

6. HUSBAND AND WIFE—IN ACTION FOR ALIMONY ENJOINING DISPOSITION OF PROPERTY HELD ERROR.—In an action for alimony, enjoining husband from disposing of his property *held* error.

Before A. C. TODD, SPECIAL JUDGE, Anderson, September, 1923. Affirmed as modified.

Action by Florence Wooten Cleveland against T. J. Cleveland. Judgment for plaintiff and defendant appeals.

Note: On attack on divorce decrees based on condonation pending divorce suit, see note in L. R. A. 1917B, 462.

On condonation of matrimonial offenses, see note in 6 B. R. C., 589.

*Mr. A. H. Dagnall,* for appellant, cites: *Former judg-ment in criminal case:* 15 R. C. L., Sec. 476; 1 Greenleaf on Evidence, Sec. 537; Jones on Evidence, pages 745–46; Abbott's Proof of Facts, 717. *Plaintiff condoned acts of defendant:* 1 R. C. L., 923; 60 S. C., 426. *Injunction:* 51 S. C., 387; 1 R. C. L., 888.

*Messrs. Miller & Dickson* for respondent.

April 15, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action for alimony, and was tried before Special Judge A. C. Todd. The finding of his Honor that "the testimony shows that the defendant inflicted on the plaintiff such physical violence ,and personal indignities as would make her residence with him intolerable and that he practiced revolting indecencies in the family circle" is fully sustained by the evidence. The judgment allowing $40 per month for the support of the plaintiff and her children and $250 for counsel fee is reasonable, and these findings are sustained.

I. The first assignment of error is that his Honor erred in allowing the introduction of evidence as to the misconduct of the defendant with another woman introduced into his home by the defendant. It is true this allegation of indecency in the home was not made in the complaint. The allegation in the complaint was in general terms, but if the defendant desired a more definite statement his remedy was a motion to make this allegation more definite and certain, and, not having done so, he cannot now complain.

II. The next assignment of error is that his Honor erred in allowing the introduction in evidence of the record in the Recorder's Court of the conviction of the defendant of offenses against the ordinances of the city. There is abundant evidence to support his Honor's findings,

even if this evidence is excluded, and, even if it was error, it is not prejudicial. His Honor clearly could not allow the Recorder to reverse his findings by parol evidence on the stand in another case.

III. The next assignment of error is that his Honor erred in holding that, inasmuch as the plaintiff was not normal physically and mentally, the husband owed her a greater degree of consideration than if she had been physically and mentally normal. The appellant's contention that the degree of tolerance which the defendant owed to his wife was that due to a woman of ordinary reason and prudence cannot be sustained. This certainly cannot be sustained in a case like this, where both the physical and mental disorder was intensified, if not produced, by the conduct of the husband.

IV. The next assignment of error is "that the evidence fails to show defendant guilty of any improper conduct." The finding of improper conduct is fully sustained by the evidence.

V. The next assignment of error is that the record shows that the plaintiff voluntarily left the home of the defendant. She did leave, but not voluntarily. The life the plaintiff lived at the house of her husband was intolerable.

VI. The appellant claims that plaintiff condoned the offenses. It is very clear that new offenses occurred continually and had reached a condition where endurance ceased to be a virtue.

VII. The last assignment of error is that his Honor enjoined the appellant from disposing of his property. This was error, and the injunction is overruled. If the appellant disposes of his property and fails to support his wife and children, the remedy is clear.

As thus modified, the decree is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.